**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, 378 N. Main Avenue Tucson, AZ 85701, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF THE INTERIOR, 1849 C. Street, NW Washington, D.C. 20240, <br><br> and <br><br> U.S. BUREAU OF LAND MANAGEMENT, 1849 C. Street, NW, Room 5665 Washington, D.C. 20240, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## INTRODUCTION

1.     In this action, the Center for Biological Diversity ("Center")—an environmental conservation organization that works to protect native wildlife species and their habitats— challenges the failure of the U.S. Bureau of Land Management ("BLM") and the United States Department of the Interior ("Interior") to provide records referencing the Cadiz Valley Water Conservation, Recovery and Storage Project ("Cadiz Water Project"), the failure of Interior to provide the correspondence of Deputy Secretary of the Interior David Bernhardt ("Mr. Bernhardt") and his chief of staff, and the failure of Interior to provide the communications and schedules of Assistant Deputy Secretary of the Interior Todd Willens ("Mr. Willens") and his chief of staff.

2.       The agencies' refusals to release the records of its two top deputy Secretaries, and their failure to provide records generated in connection with the Cadiz Water Project, undermines FOIA's policy of government transparency.

3.       BLM and Interior are unlawfully withholding public records, which the Center requested pursuant to FOIA, by failing to conduct an adequate search for responsive records and by failing to provide the Center with responsive records, for which there are no applicable FOIA exemptions.  Prompt access to these records is necessary to fulfill FOIA's purpose, thus the Center seeks declaratory relief establishing that BLM and Interior violated FOIA, or alternatively, the APA.  The Center also seeks injunctive relief directing BLM and Interior to conduct searches for responsive records and to provide the Center with all responsive records without any further delay.

## JURISDICTION AND VENUE

4.       This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA, the APA, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

5.       Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in this district and because a portion of the responsive records may be found in this district.

6.       Declaratory relief is appropriate under 28 U.S.C. § 2201.

7.       Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

8.      Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national, non-profit conservation organization with offices throughout the United States.  The Center has more than 63,000 members.  The Center and its members are harmed by BLM's and Interior's violations of FOIA, or alternatively the APA, as such violations preclude the Center from gaining a full understanding of the communication records, correspondence records, and schedules of its Secretaries and BLM's and Interior's review of the Cadiz Water Project.

9.      Defendant U.S. BUREAU OF LAND MANAGEMENT is an agency of the executive branch of the U.S. government, under Interior. BLM is in possession and control of the records that the Center seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f). BLM is a federal agency responsible for applying and implementing the federal laws and regulations at issue in this complaint.

10.      Defendant U.S. DEPARTMENT OF THE INTERIOR is a cabinet-level agency within the executive branch of the U.S. government. Interior is responsible for protecting and managing much of the nation's wildlife, natural resources, public lands, and cultural heritage. Interior is in possession and control of the records that the Center seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f).  Interior is a federal agency responsible for applying and implementing the federal laws and regulations at issue in this complaint.

## STATUTORY BACKGROUND

11.      FOIA's basic purpose is for government transparency.  It establishes the public's right to access all federal agency records unless such records may be withheld pursuant to one of nine, narrowly construed FOIA exemptions.  5 U.S.C. § 552(b)(1)-(9).

12.     Within 20 working days of receiving a FOIA request, an agency must determine if it will release requested records and must notify the requester of its determination and the reasons therefor, the right to seek assistance from the FOIA Public Liaison, and the right to appeal an adverse agency determination.  *Id.* § 552(a)(6)(A)(i).

13.     An agency may toll the 20-working-day deadline to seek additional information or clarification from a requester, but that tolling period ends when the agency receives such information or clarification.  *Id.* § 552(a)(6)(A)(ii).

14.     In "unusual circumstances," an agency may extend the time to make a determination by no more than 10 additional working days, but it must provide written notice to the requester setting forth the unusual circumstances for the extension and "the date on which a determination is expected to be dispatched."  *Id.* § 552(a)(6)(B)(i).  If the agency provides written notice that the request cannot be processed with the specified time limit, the agency shall provide "an opportunity to limit the scope of the request so that it may be processed within" the statutory time limit or "an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request" and shall make available its FOIA Public Liaison" to "assist in the resolution of any disputes between the requester and the agency."  *Id.* § 552(a)(6)(B)(ii).

15.     FOIA requires each agency to search for records in a manner that is reasonably calculated to locate all records that are responsive to the FOIA request.  *Id.* § 552(a)(3)(C)-(D).

16.     FOIA requires federal agencies to promptly disclose requested records.  *Id.* § 552(a)(3)(A), (a)(6)(C)(i).

17.     In certain limited instances, an agency may withhold records or portions of records pursuant to nine specific exemptions.  *Id.* § 552(b).  These exemptions must be narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy.

18.     FOIA places the burden on the agency to prove that it may withhold responsive records or portions of records from a requester.  *Id.* § 552(a)(4)(B).

19.     FOIA provides this Court jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."  *Id.* § 552(a)(4)(B).

20.     Alternatively, an agency's response to a FOIA request is subject to judicial review under the APA, which confers a right of judicial review on any person who is adversely affected by agency action, 5 U.S.C. § 702, and authorizes district courts to compel agency action that is unlawfully withheld or unreasonably delayed.  *Id.* § 706(1).  District courts must set aside any agency action that is found to be "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law."  *Id.* § 706(2)(A).

## FACTUAL BACKGROUND

### BLM FOIA Request: BLM-2017-00653 (Cadiz Water Project and IM)

21.     On May 3, 2017, the Center submitted to BLM a FOIA request seeking, from January 20, 2017 through the date of BLM's search, all correspondence and attachments (1) "mentioning, including or referencing the rescission of Instructional Memoranda 'IM 122-2014' and 'IM 2011-038'," and (2) "mentioning, including or referencing the Cadiz Valley Water Conservation, Recovery and Storage Project ('Cadiz Water Project'), Cadiz Inc., and/or its associated infrastructure including, but not limited to, pipelines."

22.    BLM acknowledged this request on May 30, 2017 and assigned it tracking number BLM-2017-00653.

23.    On September 27, 2017, the Center submitted a supplemental FOIA request to BLM, adding to its original request the following: "all records of communications, attachments, and/or records referenced in the communications mentioning, including and/or referencing (i) the Cadiz Water Project and/or the reversal of Instructional Memoranda 'IM 122-2014' and 'IM 2011-038' between Deputy Secretary of the Interior David Bernhardt, Department of Interior employees, Department of Interior Secretary Ryan Zinke, and/or President Donald Trump"; (ii) "all records that Interior relied upon when generating, and all records generated in connection with, the September 1, 2017 Solicitor's Opinion concerning the Cadiz Water Project"; and (iii) "all records that Interior relied upon when generating, and all records generated in connection with, the November 4, 2011 Solicitor's Opinion M-37025, and/or the January 5, 1989 Solicitor's Opinion M-36964."

24.    On October 27, 2017, BLM acknowledged this supplemental request and assigned it the same control number, BLM-2017-00653, combining it with the May 3, 2017 FOIA request.

25.    After three months, on January 29, 2018, the Center sent a letter notifying BLM that it had violated FOIA's statutory determination deadline and explaining that "184 workdays have passed with no responsive records from the BLM."  The Center also offered to assist BLM in any way, stressing that it sought a "cooperative approach" with the agency but that "because of the time-sensitive nature of the requested data, legal action will be required if the Department fails to make a prompt determination."

26.    As of the date of this complaint, BLM has not responded to the Center's letter of January 29, 2018, and has provided no responsive records to the Center.

27.     BLM has not provided the Center with a determination that describes the scope of the records it intends to produce or withhold and the reasons for withholding any records, or informs the Center that the organization may appeal any specific adverse determination within the relevant time periods in 5 U.S.C. § 552(a)(6)(a)(i) or 5 U.S.C. § 552(a)(6)(B).  The Center is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

28.     BLM has no lawful basis under FOIA for its delay or for withholding the records that the Center requested in its June 27, 2017 FOIA request.

29.     The Center has been required to expend resources to prosecute this action.

**Interior FOIA Request: OS-2017-00514 (Cadiz Water Project and IM)**

30.     On May 3, 2017, the Center submitted to Interior a FOIA request seeking, from January 20, 2017 through the date of BLM's search, all correspondence and attachments:  (1) "mentioning, including or referencing the rescission of Instructional Memoranda 'IM 122-2014' and 'IM 2011-038'"; (2) "mentioning, including or referencing the Cadiz Valley Water Conservation, Recovery and Storage Project ('Cadiz Water Project'), Cadiz Inc., and/or its associated infrastructure including, but not limited to, pipelines"; and (3) any correspondence between Mr. Bernhardt, Interior employees, Mr. Zinke, and/or President Donald Trump that mentions (1) or (2).

31.     Interior acknowledged this request on May 4, 2017, and assigned it tracking number OS-2017-00514.  Interior also notified the Center that it was "taking a 10-workday extension" under applicable law.

32.     On July 18, 2017, the Center sent a letter notifying Interior that it had violated FOIA's mandatory determination deadline, and explaining that "51 workdays have passed with no further response from [Interior]."  The Center also offered to assist Interior in processing the

Center's request and stressed that it sought a "cooperative approach" with the agency but that "because of the time-sensitive nature of the requested data, legal action will be required if the Department fails to make a prompt determination."

33.     On September 27, 2017, the Center submitted a supplemental FOIA request to Interior, adding to its original request the following: "all records of communications, attachments, and/or records referenced in the communications mentioning, including and/or referencing (i) the Cadiz Water Project and/or the reversal of Instructional Memoranda 'IM 122-2014' and 'IM 2011-038' between Deputy Secretary of the Interior David Bernhardt, Department of Interior employees, Department of Interior Secretary Ryan Zinke, and/or President Donald Trump"; (ii) "all records that Interior relied upon when generating, and all records generated in connection with, the September 1, 2017 Solicitor's Opinion concerning the Cadiz Water Project"; and (iii) "all records that Interior relied upon when generating, and all records generated in connection with, the November 4, 2011 Solicitor's Opinion M-37025, and/or the January 5, 1989 Solicitor's Opinion M-36964."

34.     Interior never acknowledged or responded to the Center's supplemental request.

35.     As of the date of this complaint, Interior has not responded to the Center's letter of July 18, 2017, and has not provided any responsive records to the Center.

36.     Interior has not provided the Center with a determination that describes the scope of the records it intends to produce or withhold and the reasons for withholding any records or informs the Center that it may appeal any specific adverse determination within the relevant time periods in 5 U.S.C. § 552(a)(6)(a)(i) or 5 U.S.C. § 552(a)(6)(B).  The Center is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

37.     Interior has no lawful basis under FOIA for its delay or for withholding the records that the Center requested in its June 27, 2017 FOIA request.

38.     The Center has been required to expend resources to prosecute this action.

### Interior FOIA Requests: OS-2017-01157, OS-2017-01157qb, and OS-2018-00307 (Bernhardt's Communications)

39.     On September 5, 2017, the Center submitted to Interior a FOIA request seeking all communications of Deputy Secretary of the Interior David Bernhardt ("Mr. Bernhardt") from August 1, 2017 to the date of Interior's search for responsive records.  Specifically, the Center requested "all correspondence, including but not limited to, all letters, emails, text messages, instant messages, voicemails, and phone logs for any phones utilized by [Mr. Bernhardt] and/or Mr. Bernhardt's Chief of Staff, from all agency and Interior servers, cloud portals, secure websites, computers, tablets, smart phones, etc., sent to and/or from Mr. Bernhardt and/or his Chief of Staff, with the exception of any records that are or will be publicly available."  The Center made it clear that it is "not requesting the actual email addresses utilized by Mr. Bernhardt or his chief of staff in the course of his official duties, but only the correspondence sent to and from his email addresses."

40.     Interior acknowledged the request on September 18, 2017 and assigned it tracking number OS-2017-01157.  Interior also notified the Center that it was "taking a 10-workday extension" under applicable law.

41.     On October 11, 2017, the Center submitted to Interior an updated FOIA request seeking Mr. Bernhardt's communications through the date of Interior's search.

42.     On November 13, 2017 the Center submitted to Interior another updated FOIA request seeking Mr. Bernhardt's communications through the date of Interior's search.

43.     Interior acknowledged the Center's November 13, 2017 FOIA request on December 4, 2017 and assigned it tracking number OS-2018-00307.

44.     On December 19, 2017, Interior sent the Center electronic mail providing the status of some of the Center's active FOIA requests, including OS-2017-01157 and OS-2018-00307.  Interior informed the Center that it had received some records responsive to OS-2017-01157 and was still waiting on more from the program office and that an acknowledgement letter for OS-2018-00307 was forthcoming.

45.     On January 18, 2018, Interior sent the Center an acknowledgement letter for OS-2018-00307.

46.     On January 26, 2018, Interior sent the Center electronic mail acknowledging the October 11, 2017 FOIA request and assigning it tracking number OS-2017-00157qb.

47.     As of the date of this complaint, Interior has not provided the Center with any records responsive to OS-2017-01157, OS-2017-00157qb, or OS-2018-00307.

48.     Interior has not provided the Center with a determination that describes the scope of the records it intends to produce or withhold and the reasons for withholding any records, or informs the Center that the organization may appeal any specific adverse determination within the relevant time periods in 5 U.S.C. § 552(a)(6)(a)(i) or 5 U.S.C. § 552(a)(6)(B).  The Center is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

49.     Interior has no lawful basis under FOIA for its delay or for withholding the records that the Center requested in its FOIA requests for Mr. Bernhardt's communications.

50.     The Center has been required to expend resources to prosecute this action.

**Interior FOIA Request: OS-2017-01183 (Todd Willens Communications)**

51.     On September 12, 2017, the Center submitted to Interior a FOIA request seeking, from July 12, 2017 to the date of the search, all communications of Assistant Deputy Secretary of the Interior Todd Willens ("Mr. Willens").  Specifically, the Center requested "all letters, emails, text messages, instant messages, voicemails, and phone logs for any phones utilized by [Mr. Willens] from all agency and Interior servers, cloud portals, secure websites, computers, tablets, and/or smart phones sent to and/or from Mr. Willens, with the exception of any records that are or will be publicly available."  The Center clarified that it was not requesting Mr. Willens's actual email addresses, but only communications sent to and from his email addresses.

52.     Interior acknowledged the request on September 22, 2017 and assigned it tracking number OS-2017-01183.  Interior also notified the Center that it was "taking a 10-workday extension" under applicable law.

53.     On October 11, 2017, the Center sent Interior an updated FOIA request seeking Mr. Willens's communications through the date of the search.

54.     On December 19, 2017, Interior sent the Center electronic mail providing the status of some of the Center's active FOIA requests, including OS-2017-01183 and acknowledging the October 11, 2017 update.  Interior informed the Center that it had received some records responsive to OS-2017-01183 and was waiting or more from the program office.

55.     On January 3, 2018, the Center sent a letter notifying Interior that it had violated FOIA's statutory determination deadline and that "20 workdays have passed with no further response from [Interior]."  The Center offered to assist Interior in processing the FOIA request and stressed that it sought a "cooperative approach" with the agency but that "because of the

time-sensitive nature of the requested data, legal action will be required if the Department fails to make a prompt determination."

56.     As of the date of this complaint, Interior has not provided the Center with any records responsive to OS-2017-01183.

57.     Interior has not provided the Center with a determination that describes the scope of the records it intends to produce or withhold and the reasons for withholding any records, or informs the Center that the organization may appeal any specific adverse determination within the relevant time periods in 5 U.S.C. § 552(a)(6)(a)(i) or 5 U.S.C. § 552(a)(6)(B).  The Center is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

58.     Interior has no lawful basis under FOIA for its delay or for withholding the records that the Center requested in its FOIA requests for Mr. Bernhardt's communications.

59.     The Center has been required to expend resources to prosecute this action.

**Interior FOIA Request: OS-2018-00099 (Todd Willens Schedule)**

60.     On October 11, 2017, the Center sent to Interior a FOIA request seeking "all schedules, including but not limited to travel and/or meeting schedules," of Mr. Willens and his Chief of Staff.

61.     Interior acknowledged the request on November 3, 2017 and assigned it tracking number OS-2018-00099.  Interior also notified the Center that it was "taking a 10-workday extension" under applicable law.

62.     On January 3, 2018 the Center sent a letter notifying Interior that it had violated FOIA's statutory determination deadline and explaining that "20 workdays have passed with no further response from [Interior]."  The Center offered to assist Interior in processing the Center's request and stressed that it sought a "cooperative approach" with the agency but that "because of

the time-sensitive nature of the requested data, legal action will be required if the Department fails to make a prompt determination."

63.     As of the date of this complaint, Interior has not provided the Center with any records responsive to OS-2018-00099.

64.     Interior has not provided the Center with a determination that describes the scope of the records it intends to produce or withhold and the reasons for withholding any records, or informs the Center that the organization may appeal any specific adverse determination within the relevant time periods in 5 U.S.C. § 552(a)(6)(a)(i) or 5 U.S.C. § 552(a)(6)(B).  The Center is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

65.     Interior has no lawful basis under FOIA for its delay or for withholding the records that the Center requested in its FOIA requests for Mr. Bernhardt's communications.

66.     The Center has been required to expend resources to prosecute this action.

### FIRST CLAIM FOR RELIEF
### VIOLATION OF THE FREEDOM OF INFORMATION ACT

### Failure to Provide a Determination on Center's FOIA Requests

Count One:  BLM Failed to Provide a Determination on the Center's FOIA Request.

67.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraph.

68.     BLM violated FOIA by failing to make a determination on or respond in any manner to the Center's FOIA request OS-2017-00653. 5 U.S.C. § 552(a)(6).

69.     The Center has a statutory right to receive a determination from BLM, as well as to promptly receive the underlying records it seeks.

70.     BLM has still not given the Center a determination on the FOIA request that describes the scope of the records it intends to produce or withhold and the reasons for

withholding any records or informs the Center that it may appeal any specific adverse determination within the relevant time periods in 5 U.S.C. § 552(a)(6)(a)(i) or 5 U.S.C. § 552(a)(6)(B).  5 U.S.C. § 552(a)(7).

71.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to BLM in the foreseeable future.

72.     The Center's organizational activities will be adversely affected if BLM continues to violate FOIA's requirement to provide a lawful determination on the Center's FOIA requests.

73.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, BLM will continue to violate the Center's rights to receive public records under FOIA.

Count Two:  Interior Failed to Provide a Determination on the Center's FOIA Requests.

74.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraph.

75.     Interior violated FOIA, 5 U.S.C. § 552(a)(6), by failing to make a determination on the following FOIA requests that the Center submitted to the agency:  OS-2017-00514, OS-2017-01157, OS-2017-00157qb, OS-2017-01183, OS-2018-00099, and OS-2018-00307.

76.     The Center has a statutory right to receive a determination from Interior, as well as to promptly receive the underlying records it seeks.

77.     Interior has still not given the Center a determination on the FOIA request that describes the scope of the records it intends to produce or withhold and the reasons for withholding any records or informs the Center that it may appeal any specific adverse determination within the relevant time periods in 5 U.S.C. § 552(a)(6)(a)(i) or 5 U.S.C. § 552(a)(6)(B). 5 U.S.C. § 552(a)(7).

78.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to Interior in the foreseeable future.

79.     The Center's organizational activities will be adversely affected if Interior continues to violate FOIA's requirement to provide a lawful determination on the Center's FOIA requests.

80.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, Interior will continue to violate the Center's rights to receive public records under FOIA.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

### Failure to Conduct an Adequate Search for Records Responsive
### to the Center's FOIA Requests

Count One:  BLM Failed to Conduct an Adequate Search for Responsive Records.

81.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

82.     The Center has a statutory right to have BLM process its FOIA requests in a manner that complies with FOIA.  5 U.S.C. § 552(a)(3).  BLM violated the Center's rights in this regard when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to the Plaintiff's FOIA request OS-2017-00653.

83.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the BLM in the foreseeable future.

84.     The Center's organizational activities will be adversely affected if BLM continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to the Center's FOIA requests.

85.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the BLM will continue to violate the Center's rights to receive public records under FOIA.

Count Two:  Interior Failed to Conduct an Adequate Search for Responsive Records.

86.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

87.     The Center has a statutory right to have Interior process its FOIA requests in a manner that complies with FOIA.  5 U.S.C. § 552(a)(3).  Interior violated the Center's rights in this regard when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to the Center's FOIA requests:  OS-2017-00514, OS-2017-01157, OS-2017-00157qb, OS-2017-01183, OS-2018-00099, and OS-2017-00307.

88.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to Interior in the foreseeable future.

89.     The Center's organizational activities will be adversely affected if Interior continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to the Center's FOIA requests.

90.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, Interior will continue to violate the Center's rights to receive public records under FOIA.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

### Failure to Promptly Disclose Records Responsive to the Center's FOIA Requests

Count One:  BLM Failed to Provide Records Responsive to the Center's FOIA Request.

91.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

92.     BLM violated FOIA, 5 U.S.C. § 552(a)(4)(B), and Interior FOIA Regulations, 43 C.F.R. § 2.12, which apply to BLM, by refusing to promptly disclose records that are responsive to the Center's FOIA request OS-2017-00653.

93.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to BLM in the foreseeable future.

94.     The Center's organizational activities will be adversely affected if BLM continues to violate FOIA's disclosure provisions as it has in this case.

95.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, BLM will continue to violate the Center's rights to receive public records under FOIA.

Count Two:  Interior Refused to Provide Records Responsive to the Center's FOIA Requests.

96.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

97.     Interior violated FOIA, 5 U.S.C. § 552(a)(4)(B), and Interior FOIA Regulations, 43 C.F.R. § 2.12, by refusing to promptly disclose records that are responsive to the Center's following FOIA requests:  OS-2017-00514, OS-2017-01157, OS-2017-00157qb, OS-2017-01183, OS-2018-00099, and OS-2017-00307.

98.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to Interior in the foreseeable future.

99.     The Center's organizational activities will be adversely affected if Interior continues to violate FOIA's disclosure provisions as it has in this case.

100.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, Interior will continue to violate the Center's rights to receive public records under FOIA.

## FOURTH CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

### Failure to Provide Reasonably Segregable Portions of
### Any Lawfully Exempt Records

**Count One:  BLM Failed to Provide Reasonably Segregable Portions of Exempt Records.**

101.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

102.     The Center has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions.  5 U.S.C. § 552(b).

103.     BLM violated the Center's rights in this regard by unlawfully withholding reasonably segregable portions of any lawfully exempt records that are responsive to the Plaintiff's FOIA request OS-2017-00653.

104.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to BLM in the foreseeable future.

105.     The Center's organizational activities will be adversely affected if BLM is allowed to continue violating FOIA's disclosure provisions as it has in this case.

106.    Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, BLM will continue to violate the Center's rights to receive public records under FOIA.

Count Two:  Interior Failed to Provide Reasonably Segregable Portions of Exempt Records.

107.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

108.    The Center has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions.  5 U.S.C. § 552(b).

109.    Interior violated the Center's rights in this regard by unlawfully withholding reasonably segregable portions of any lawfully exempt records that are responsive to the Center's FOIA requests:  OS-2017-00514, OS-2017-01157, OS-2017-00157qb, OS-2017-01183, OS-2018-00099, and OS-2017-00307.

110.    The Center's organizational activities will be adversely affected if Interior is allowed to continue violating FOIA's disclosure provisions as it has in this case.

111.    Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, Interior will continue to violate the Center's rights to receive public records under FOIA.

**FIFTH CLAIM FOR RELIEF**
**VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**
**(In the Alternative to the First through Fourth Claims)**

**Unlawfully Withholding or Unreasonably Delaying Actions That FOIA Requires**

Count One:  BLM Unlawfully Withheld or Unreasonably Delayed Action that FOIA Requires.

112.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

113.    BLM unlawfully withheld agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to:  (1) provide a timely determination on the Center's FOIA request, (2) conduct an adequate search for records that are responsive to the Center's FOIA request, (3) promptly disclose records that are responsive to the Center's FOIA request, and (4) provide the Center with reasonably segregable portions of responsive records in the event that records may be subject to an exemption.  BLM's failures constitute agency actions that are unlawfully withheld, and therefore, these actions are actionable pursuant to the APA, 5 U.S.C. § 706(1).

114.    Alternatively, BLM unreasonably delayed agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to: (1) provide a timely determination on the Center's FOIA request, (2) conduct an adequate search for records that are responsive to the Center's FOIA request, (3) promptly disclose records that are responsive to the Center's FOIA request, and (4) provide the Center with reasonably segregable portions of responsive records in the event that records may be subject to an exemption.  BLM's failures constitute agency action unreasonably delayed and therefore actionable pursuant to the APA, 5 U.S.C. § 706(1).

115.    As alleged above, BLM's failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is a violation of its statutory duties under the APA.

116.    The Center has no other adequate remedy at law to redress the violations noted above.

117.    Plaintiff is entitled to judicial review under the APA, 5 U.S.C. § 702.

Count Two:  Interior Unlawfully Withheld or Unreasonably Delayed Actions That FOIA
Requires

118.    Plaintiff re-alleges and incorporates by reference the allegations made in all

preceding paragraphs.

119.    Interior unlawfully withheld agency action by failing to comply with the

mandates of FOIA consequent to its failure and refusal to: (1) provide a timely determination on

the Center's FOIA requests, (2) conduct adequate searches for records that are responsive to the

Center's FOIA requests, (3) promptly disclose records that are responsive to the Center's FOIA

requests, and (4) provide the Center with reasonably segregable portions of responsive records in

the event that records may be subject to an exemption.  Interior's failures constitute agency

actions that are unlawfully withheld, and therefore, these actions are actionable pursuant to the

APA, 5 U.S.C. § 706(1).

120.    Alternatively, Interior unreasonably delayed agency action by failing to comply

with the mandates of FOIA consequent to its failure and refusal to: (1) provide a timely

determination on the Center's FOIA requests, (2) conduct adequate searches for records that are

responsive to the Center's FOIA requests, (3) promptly disclose records that are responsive to

the Center's FOIA requests, and (4) provide the Center with reasonably segregable portions of

responsive records requests in the event that records may be subject to an exemption. Interior's

failures constitute agency action unreasonably delayed and therefore actionable pursuant to the

APA, 5 U.S.C. § 706(1).

121.    As alleged above, Interior's failure to comply with the mandates of FOIA has

injured the Center's interests in public oversight of governmental operations and is a violation of

Interior's statutory duties under the APA.

122.    The Center has no other adequate remedy at law to redress the violations noted above.

123.    Plaintiff is entitled to judicial review under the APA, 5 U.S.C. § 702.

**SIXTH CLAIM FOR RELIEF**
**VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**
**(In the Alternative to the First through Fifth Claims)**

**Violations of FOIA Are Arbitrary, Capricious, An Abuse of Discretion, or Otherwise Not in Accordance with Law**

Count One:  BLM Actions are Arbitrary, Capricious, an Abuse of Discretion, or Otherwise Not in Accordance with Law.

124.    Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

125.    BLM violated FOIA's statutory mandates due to its failure and refusal to:  (1) provide a timely determination on the Center's FOIA request, (2) conduct an adequate search for records that are responsive to the Center's FOIA request, (3) promptly disclose records that are responsive to the Center's FOIA request, and (4) provide the Center with reasonably segregable portions of responsive records in the event that records may be subject to an exemption.  By repeatedly violating FOIA's statutory mandates, BLM's actions are arbitrary, capricious, an abuse of discretion, or not in accordance with the law and therefore are actionable pursuant to the APA, 5 U.S.C. § 706(2)(A).

126.    As alleged above, BLM's repeated failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is a violation of the agency's statutory duties under the APA.

127.    The Center has no other adequate remedy at law to redress the violations noted above.

128.     The Center is entitled to judicial review under the APA, 5 U.S.C. § 702.

Count Two: Interior's Actions are Arbitrary, Capricious, an Abuse of Discretion, or Otherwise Not in Accordance with Law.

129.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

130.     Interior violated FOIA's statutory mandates due to its failure and refusal to: (1) provide a timely determination on the Center's FOIA requests, (2) conduct adequate searches for records that are responsive to the Center's FOIA requests, (3) promptly disclose records that are responsive to the Center's FOIA requests, and (4) provide the Center with reasonably segregable portions of responsive records in the event that records may be subject to an exemption.  By repeatedly violating FOIA's statutory mandates, Interior's actions are arbitrary, capricious, an abuse of discretion, or not in accordance with the law and therefore are actionable pursuant to the APA, 5 U.S.C. § 706(2)(A).

131.     As alleged above, Interior's repeated failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is a violation of the agency's statutory duties under the APA.

132.     The Center has no other adequate remedy at law to redress the violations noted above.

133.     The Center is entitled to judicial review under the APA, 5 U.S.C. § 702.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

A.   Order Defendants to provide lawful determinations on Plaintiff's FOIA requests as required by FOIA by a date certain;

B.  Order Defendants to conduct searches that are reasonably calculated to locate all records responsive to Plaintiff's FOIA requests, with the cut-off date for such searches being the date the searches are conducted, and to provide Plaintiff, by a date certain, with all responsive records and reasonably segregable portions of lawfully exempt records sought in this action.

C.  Declare that Defendants' failures to undertake searches for and promptly disclose to Plaintiff all records that are responsive to Plaintiff's FOIA requests, as alleged above, are unlawful under FOIA, U.S.C. § 552(a)(6)(A)(i), or in the alternative, are agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or are arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2).

D.  Declare that Defendants' failures to timely make determinations on Plaintiff's FOIA requests are unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i) and (ii), or in the alternative, are agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or are arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2)(A).  Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412.

E.  Declare that Defendants' failures to provide Plaintiff with reasonably segregable portions of records which may be lawfully subject to a FOIA exemption, as alleged above, are unlawful under FOIA, U.S.C. § 552(a)(7)(b), or in the alternative, are agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2).

F.  Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. §

552(a)(4)(E) or 28 U.S.C. § 2412.

G.  Grant such other and further relief as the Court may deem just and proper.

DATED:  April 10, 2018

Respectfully submitted,

*/s/ William J. Snape*
William J. Snape, III (D.C. Bar No. 455266)
Center for Biological Diversity
1411 K Street, NW
Washington, DC 20005
(202) 536-9351
bsnape@biologicaldiversity.org

*/s/ Lisa Belenky*
Lisa Belenky (*pro hac vice* application pending)
Center for Biological Diversity
1212 Broadway St. #800
Oakland, CA 94612
(510) 844-7107
lbelenky@biologicaldiversity.org

*Attorneys for Plaintiff*